UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARLON JOSUE RAMOS-MEDINA,
a/k/a Darwin Javier Diaz Medina,

Petitioner,

v.                                                    CAUSE NO. 3:26-CV-236-CCB-SJF

BRIAN ENGLISH, et al.,

Respondents.

**OPINION AND ORDER**

Immigration detainee Marlon Josue Ramos-Medina a/k/a Darwin Javier Diaz

Medina, a litigant without counsel, filed a petition for a writ of habeas corpus under 28

U.S.C. § 2241, alleging he is being confined in violation of the laws or Constitution of

the United States.[1] (ECF 1.)

Mr. Medina is a native of Honduras who entered the United States without

inspection in 2019. (ECF 7-5 at 3.) On May 7, 2019, he was encountered by U.S. Customs

and Border Protection ("CBP") agents in Texas a few miles from the U.S.-Mexico border

and it was determined that he had no legal status in the United States. (*Id.*) He was

briefly taken into custody, but after being served with a notice to appear in immigration

court, he was released to the custody of his aunt due to the fact that he was only

---

[1] The petitioner filed this case under the name "Darwin Javier Diaz Medina," which is his birth name, but his immigration records are listed under the name "Marlon Josue Ramos-Medina," which is apparently an alias he used when interacting with border patrol agents. (ECF 7-5 at 2.) He has moved to correct his name in the immigration proceedings (ECF 7-2 at 1-3), but it appears his name has not yet been corrected. For expediency, the court refers to him simply as "Mr. Medina" in this order.

seventeen years old. (*Id.* at 3-4; ECF 7-4.) In 2024, an immigration judge ordered him removed to Honduras, and he appealed to the Board of Immigration Appeals. (*See* ECF 7-5 at 3; ECF 7-7.) His appeal remains pending. (ECF 7-7.)

In August 2025, he was arrested by police in Elkhart, Indiana, for driving under the influence of alcohol. *See State v. Diaz Medina,* No. 20H01-2508-CM-006194 (Elkhart City Ct. filed Aug. 7, 2025). In October 2025, he was convicted and sentenced. (*Id.*) In November 2025, he was taken into custody by Immigration and Customs Enforcement (ICE) agents pursuant to an administrative warrant. (ECF 7-6.) He was then transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings. (ECF 1.) He claims that he has not been given an opportunity for release on bond and argues that his prolonged detention without an opportunity for bond is unlawful. He seeks release from custody or a bond hearing before an immigration judge. (*Id.* at 4.)

In an order to show cause, the court directed the respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The respondents answered the petition (ECF 7). Mr. Medina did not file a formal reply but

submitted a number of exhibits reflecting that he held a job prior to his detention and has a three-year-old son who was born in the United States. (ECF 14-1; ECF 15.)

The respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Medina is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because "[h]e entered the country without inspection and has never been legally admitted." (ECF 7 at 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States years after their arrival.[2] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Medina who are arrested within the United States years after their arrival. That leads the court to 8 U.S.C. § 1226,

---

[2] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), reaching a different conclusion about the scope of § 1225(b)(2). These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the alien; and (2) may release the alien on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole" (in plain terms, release on one's own recognizance) until removal proceedings conclude. 8 U.S.C. § 1226(a).

Mr. Medina was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 7-6.) However, he has not been given an opportunity for bond because officials view him as ineligible for bond under § 1225(b)(2). (ECF 7.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The respondents argue that the court should not grant him any relief until he exhausts all available administrative channels, including filing a motion for bond with an immigration judge and appealing any adverse ruling to the Board of Immigration Appeals. (ECF 7 at 7.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of

"sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

The court finds that to be the case here. It is evident from *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), in which the Board of Immigration Appeals held that individuals without legal status in the United States are subject to mandatory detention under § 1225(b)(2), as well as from the record in this case and others, that the government views individuals like Mr. Medina as categorically ineligible for bond.

Recent proceedings in a case out of California further support the conclusion that it would have been futile for Mr. Medina to pursue a bond hearing through the agency before seeking habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's

5

decision vacating *Hurtado* is thus unlikely to change the outcome of a custody redetermination motion filed by an individual like Mr. Medina, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Therefore, Mr. Medina is entitled to a bond hearing in accordance with 8 U.S.C. § 1226 and its implementing regulations. If the government does not provide him with an individualized bond hearing by the deadline below, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because the court concludes that he is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach his argument that the government should bear the burden of proving that he is not entitled to release at any bond hearing that occurs. (ECF 1 at 4.) This conflicts with usual procedures, which provide that "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson*, 594 U.S. at 527. At this point, it is unclear how the government intends to proceed now that the court has

determined Mr. Medina cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if he is given a bond hearing he might prevail before an immigration judge or be able to obtain relief from the Board of Immigration Appeals. Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and **ORDERS** the respondents to release Marlon Josue Ramos-Medina a/k/a Darwin Javier Diaz Medina on or before **May 1, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Warden to file proof of compliance with this order by **May 4, 2026.**

SO ORDERED on April 23, 2026

　　　　　　　　　　　　　　/s/ *Cristal C. Brisco*　　　　　　　
　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT